PER CURIAM.
¶1 Christian Greenup appeals a circuit court judgment convicting him of child sexual assault. He also appeals the court's order denying his postconviction motion. Greenup argues that (1) the circuit court erred in denying his request to call jurors as witnesses at the postconviction hearing, (2) the court erred in admitting a videotaped interview of the victim, (3) trial counsel was ineffective, and (4) he should receive a new trial in the interest of justice. We affirm.
Background
¶2 Greenup was charged with one count of sexual contact with a child under the age of thirteen and one count of repeated sexual assault of a child. A forensic interviewer conducted a videotaped interview of the victim. Defense counsel objected to the video's admissibility. The court ruled that the video was admissible, and it was played for the jury at trial. The victim provided limited live testimony consisting mainly of foundation for the video and cross-examination.
¶3 During deliberations, the jury sent notes to the judge stating that the jury had experienced difficulty hearing many of the victim's responses on the video and requesting to re-watch the video. Defense counsel opposed the request. The circuit court allowed the jury to re-watch only the first fourteen minutes of the ninety-three minute video based on the court's finding that this initial portion of the video had been played at an incorrect speed. The jury found Greenup guilty on the sexual contact charge but not guilty on the repeated sexual assault charge.
¶4 The week after trial, a juror sent a letter to the circuit court reiterating that jurors could not hear many of the victim's responses on the video. The letter indicated that the jury's difficulties in hearing the video were not limited to the first part of the video that was initially played at an incorrect speed.
¶5 Greenup filed a postconviction motion claiming that the circuit court erred in admitting the videotaped interview and that trial counsel was ineffective in relation to the video and in other respects. Greenup provided statements from several jurors who, to varying degrees, indicated that they had difficulty hearing the video. Greenup also sought to call jurors as witnesses.
¶6 The circuit court held an evidentiary hearing on Greenup's motion but refused to allow Greenup to call jurors as witnesses. As noted, the court denied the motion. We reference additional facts as needed below.
Discussion
A. Greenup's Request To Call Jurors As Witnesses
¶7 Greenup argues that the circuit court erred in rejecting his request to call jurors as witnesses at the postconviction hearing so that Greenup could establish which parts of the videotaped interview jurors were unable to hear. Greenup contends that the court erroneously relied on WIS. STAT. § 906.06(2) (2017-18) to bar the jurors from testifying for this purpose.[1] Greenup points to State v. Turner , 186 Wis. 2d 277, 521 N.W.2d 148 (Ct. App. 1994), and State v. Kettner , 2011 WI App 142, 337 Wis. 2d 461, 805 N.W.2d 132, as cases in which jurors testified for similar purposes.
¶8 We will assume, without deciding, that the circuit court erred by applying WIS. STAT. § 906.06(2) to bar juror testimony at the postconviction hearing. We will further assume that the jurors were unable to hear significant portions of the video. However, Greenup does not point to any content in the video that might have been exculpatory, and Greenup therefore gives us no reason to think that the jurors missed hearing any information that was exculpatory. To the contrary, defense counsel testified that the video was "damaging and detrimental" such that "the less information that could come from that video the better." Absent a showing by Greenup that there was potentially exculpatory content on the video, we conclude that it is unnecessary to reverse and remand for juror testimony.
B. Admissibility Of The Videotaped Interview
¶9 Greenup contends that the circuit court erred in admitting the videotaped interview. Greenup argues that the court admitted the video based on an erroneous finding that the video was free from "audio distortion," as required under WIS. STAT. § 908.08(3)(b). Greenup also argues that the court's admission of the video violated his right to due process under Turner . In Turner , we stated that, "once it is determined that a juror missed material testimony which bears on a defendant's guilt or innocence, prejudice must be assumed," see Turner , 186 Wis. 2d at 284-85, and we concluded that Turner's due process rights were infringed because one or two jurors "were unable to hear the testimony of material witnesses," see id. at 285.
¶10 We conclude that Greenup forfeited these arguments. Although Greenup objected to the video's admissibility at trial, he made no objection based on the video's audibility and therefore did not preserve the arguments relating to audibility that he makes now. See State v. Nelis , 2007 WI 58, ¶31, 300 Wis. 2d 415, 733 N.W.2d 619 (objection is sufficient to preserve an issue for appeal when it "apprises the court of the specific grounds upon which it is based").
¶11 Greenup appears to argue that he could not forfeit his due process claim because, under Turner , prejudice is always assumed when one or more jurors are unable to hear material testimony. We disagree. Turner does not address forfeiture. In Turner , the circuit court and counsel repeatedly noted during trial that the jury was having difficulty hearing victim testimony, and defense counsel moved for a mistrial. See Turner , 186 Wis. 2d at 280-82. Here, in contrast, counsel's actions and postconviction testimony demonstrate that counsel sought to take advantage of audibility issues with the victim's responses on the video. In particular, when the jury sent notes to the judge stating that jurors were having difficulty hearing the video and requesting to re-watch the video, counsel opposed the request in order to minimize the jury's exposure to the video, and counsel largely succeeded in preventing the jury from re-watching the video. In these circumstances, application of the forfeiture rule is appropriate.
C. Ineffective Assistance Of Counsel
¶12 Greenup claims that counsel was ineffective in relation to the videotaped interview, in failing to call the victim's parents as witnesses at trial, and in failing to properly cross-examine the victim. We reject these claims for the reasons that follow.
¶13 To demonstrate ineffective assistance, the defendant must prove both that counsel's performance was deficient and that the deficiency prejudiced the defense. State v. Carter , 2010 WI 40, ¶21, 324 Wis. 2d 640, 782 N.W.2d 695. To show deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. , ¶22. "Counsel enjoys a 'strong presumption' that [counsel's] conduct 'falls within the wide range of reasonable professional assistance.' " Id. (quoted source omitted).
¶14 Ineffective assistance claims present a mixed question of fact and law. Id. , ¶19. We uphold the circuit court's findings of fact, including as to counsel's conduct and strategy, unless they are clearly erroneous. Id. However, the ultimate determination of whether counsel's assistance was ineffective is a question of law we review de novo. Id.
1. Counsel's Actions in Relation to the Video
¶15 Greenup argues that counsel was deficient by failing to object to the video based on its lack of audibility. In contending that this failure prejudiced his defense, Greenup argues: "If the jury could not hear [the victim]'s statement, how were they supposed to determine the credibility of her allegations? How was trial counsel supposed to know what the jury did and did not hear?" Greenup's prejudice argument is seemingly based on a passage from Turner in which we stated that
[t]he credibility of a witness is determined by more than a witness's words. Tonal quality, volume and speech patterns all give clues to whether a witness is telling the truth. Thus, it was critical for each juror to hear the testimony from each witness and relate that testimony to the witness's demeanor.
Turner , 186 Wis. 2d at 285 (citation omitted).
¶16 Regardless whether counsel performed deficiently by not objecting to the video on audibility grounds, we conclude that Greenup fails to show prejudice. Here, unlike in Turner , we have videotaped statements that defense counsel reviewed in advance of trial and that, as already noted, counsel determined were "damaging and detrimental" such that "the less information that could come from that video the better." Absent showings by Greenup that counsel's assessment of the video was inaccurate or that there was exculpatory content on the video, Greenup does not meet his burden to show prejudice.
¶17 In a separate claim related to the video, Greenup contends that counsel was ineffective by failing to produce a transcript of the video to facilitate cross-examination of the victim. On this claim, we conclude that Greenup fails to show deficient performance. Counsel testified that she repeatedly reviewed the video and took detailed notes, and that she sought to avoid producing a transcript as part of counsel's strategy to minimize the information available from the video. The circuit court credited counsel's testimony and, based on that testimony, determined that counsel made an informed strategic decision not to produce a transcript. Based on counsel testimony and the circuit court's findings, we agree with the circuit court that counsel's decision not to obtain a transcript fell within the range of reasonable professional assistance.[2]
2. Counsel's Failure To Call Victim's Parents As Witnesses
¶18 Greenup argues that counsel was ineffective in failing to call the victim's parents as witnesses. According to Greenup, both parents made statements regarding the assaults that were inconsistent with the victim's statements. Greenup argues that counsel's failure to impeach the victim with her parents' statements was prejudicial. We conclude that Greenup fails to show deficient performance with respect to either parent.
¶19 As to the victim's mother, C.S., Greenup asserts that C.S. made statements denying the victim's claims that the victim told C.S. about the assaults many times and that C.S. caught Greenup in the act of assaulting the victim on several occasions. However, the circuit court's factual findings, based on counsel's testimony, support a conclusion that counsel made a reasonable decision in not calling C.S. to the witness stand. The court credited counsel's testimony that C.S.'s attitude toward Greenup had changed over time, and that C.S. was unwilling "to stick her neck out" for Greenup at trial because C.S. believed the victim's allegations at that time. The court also credited counsel's testimony that C.S. was "a real wild card" whose unpredictability made her a potentially dangerous witness for the defense. In addition, the court found that counsel was able to introduce some of C.S.'s statements through law enforcement witnesses.
¶20 As to the victim's father, Greenup asserts that the victim and her father made conflicting statements about whether the victim "tried" to tell her father about the alleged assaults. However, as with the victim's mother, the circuit court's factual findings support a conclusion that counsel reasonably chose not to call the victim's father. The court credited counsel's testimony that the victim's father was not a helpful defense witness because he believed the allegations against Greenup, was antagonistic toward Greenup, and wanted Greenup sent to prison.
3. Counsel's Cross-Examination Of The Victim
¶21 Greenup argues that counsel was ineffective in cross-examining the victim by failing to take advantage of opportunities to impeach the victim. Based on the circuit court's factual findings, we disagree and conclude that Greenup again fails to show deficient performance. The court found that counsel made an informed choice not to aggressively cross-examine the victim in order to avoid arousing jury sympathy for a young victim with a "demure" and "timid" demeanor, and that counsel instead focused on indirectly challenging the victim's credibility through other witnesses. The court also found that further cross-examination was unnecessary to elicit evidence to support the defense theory that the victim fabricated the assaults.
D. Interests Of Justice
¶22 Greenup contends that, based on the unusual circumstances of this case, he should receive a new trial in the interests of justice. We agree that the circumstances are unusual but, for the reasons already explained, we disagree that a new trial in the interests of justice is warranted.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Wisconsin Stat. § 906.06(2) provides:
Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may the juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received.
All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Greenup argues that counsel was also ineffective in failing to obtain a transcript of a separate interview of the victim. This argument is undeveloped and, on that basis, we decline to address it. See State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not address undeveloped arguments).